■ In the Matter of the Arbitration between NIAGARA MOHAWK POWER CORPORATION, Respondent, and PERFETTO & WHALEN CONSTRUCTION CORP., Appellant. (Appeal No. 1.)—Order unanimously reversed, without costs, and parties directed to proceed to arbitration. Memorandum: Appellant Perfetto & Whalen Construction Corp. and respondent Niagara Mohawk Power Corporation were parties to a construction contract. The contract provided for resolution of disputes in the first instance by the project architect and ultimately by arbitration. It further provided that no demand for arbitration could be made more than 30 days from the date of receipt of a written decision by the architect stating that such decision is "final but subject to appeal." The record reveals a pattern of correspondence between appellant and the project architect concerning various claims for extra compensation, which extended over a period of nearly two years. Although the architect rejected all of appellant's claims, none of the letters advising appellant of such rejection contained the requisite wording as to finality. Appellant concedes that its demands for arbitration were not made within 30 days from the receipt of these letters but contends that it was not bound by the 30-day limitation since the contract contemplates the employment of the specific finality language in order to commence the 30-day period running. Special Term, however, found that the 30-day period commenced to run notwithstanding the absence of the finality language and granted respondent's motions to stay arbitration. We cannot agree with Special Term. Since this case involves the question of whether there has been compliance with a contractual condition precedent to arbitration, the issues presented are for the court, not the arbitrator, to decide *(Matter of Wilaka Constr. Co. [New York City Housing Auth.],* 17 NY2d 195; *Matter of Frouge Corp. [New York City Housing Auth.],* 26 AD2d 269). Article 2.2.11 of the general conditions in the contract is clear and unambiguous. It must be enforced according to its plain meaning *(Matter of Western Union Tel. Co. [American Communications Assn, C.I.O.],* 299 NY 177; *First Nat. Bank of East Islip v National Sur. Co.,* 228 NY 469). The wording of that section requires that the written decision of the architect must contain an admonition that its determination is "final but subject to appeal" in order to commence the running of the 30-day period within which arbitration must be demanded. Such was not done. (Appeal from order of Onondaga Supreme Court—stay arbitration.) Present—Moule, J. P., Mahoney, Dillon, Goldman and Witmer, JJ.

■ In the Matter of the Arbitration between NIAGARA MOHAWK POWER CORPORATION, Respondent, and PERFETTO & WHALEN CONSTRUCTION CORP., Appellant. (Appeal No. 2.)—Order unanimously reversed, without costs, and parties directed to proceed to arbitration. Same memorandum as in *Matter of Niagara Mohawk Power Corp. (Perfetto & Whalen Constr. Corp.)* (52 AD2d 1081). (Appeal from order of Onondaga Supreme Court—stay arbitration.) Present—Moule, J. P., Mahoney, Dillon, Goldman and Witmer, JJ.